UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT T. OWENS,

    Plaintiff,

v.                                Case No. 3:15cv164/MCR/CJK

R. COMERFORD, et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed without prejudice pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Section 1915(g), a provision of the *in forma pauperis* statute, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's complaint was docketed on April 9, 2015. (Doc. 1). Plaintiff is subject to the three-strikes bar of § 1915(g), having had at least three prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Owens v. Fla. Dep't of Corr.*, No. 2:13cv14228-JEM, (S.D. Fla. Oct. 15, 2013) (dismissing plaintiff's prisoner civil rights action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *appeal dismissed as frivolous*, No. 13-14918-B, (11th Cir. Mar. 25, 2014); *Owens v. Tucker*, Case No. 2:13cv14061-KMM, (S.D. Fla. Apr. 29, 2013, and Aug. 2, 2013) (dismissing plaintiff's prisoner complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *affirmed*, No. 13-13651, — F. App'x —, 2015 WL 794910 (11th Cir. Feb. 26, 2015).[1] Accordingly, plaintiff may not litigate this case *in forma pauperis*

---

[1] All of these cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections inmate number, DC#193166, and because plaintiff disclosed them in his complaint. (Doc. 1, pp. 4, 18).

unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*.

Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury. Plaintiff's complaint alleges that a correctional officer threatened to assault him on November 21, 2014, that the correctional officer and various others have written plaintiff false disciplinary reports in retaliation for plaintiff's filing grievances, and that various other prison officials have denied plaintiff procedural due process during disciplinary hearings and close management review. Plaintiff's complaint as a whole does not allege facts showing that plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 15th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).